Appellant's motion for rehearing is based upon three grounds, the first of which questions the correctness of our interpretation of the by-laws with respect to appellee's right to sick benefits. As we originally said, our conclusion upon that matter was not entirely satisfactory. Yet we are compelled to let it stand as no preferable interpretation is suggested.
Our conclusion, as expressed in syllabus number five, is attacked as unsound. We have determined to withdraw it because, upon further consideration of the evidence, and the fair inferences to be drawn from it, we think that the Society in fact was fully informed of the nature and extent of appellee's claims. It had before it substantial proof of their validity. The reasons which it gave for denying the claims were unsound, either in fact, or by the laws of the order. The technical and procedural grounds upon which appellant now stands were not then relied upon and were, as the trial court held, waived. It would serve no useful purpose to lengthen this opinion by setting forth the evidence upon which we have reached this conclusion. The correspondence between the Branch and The Society is incomplete. Inferences must be drawn from what we have. The evidence both oral and documentary, is but imperfectly interpreted and translated. For that reason *Page 77 
this case has been troublesome, to both courts and to counsel.
It is pointed out that we failed to dispose entirely of appellant's contention as to the procedure prescribed for the determination of appellee's claim, as a prerequisite to his maintaining a cause of action in the courts. We held that the provision for appeal to a convention, meeting once in four years, or to a general referendum, was unreasonable in such a case as this. But counsel contended, as we said, that after the rejection of his claim appellee should have made application for a formal trial in the Branch, from which decision, if adverse, he should have appealed to the Supreme Arbitration Committee. We expressed doubt as to whether the so-called arbitration system had application to the case of a member's rejected claim for benefits. We have carefully re-examined Article 19 of the by-laws, consisting of twenty-seven sections, and find nothing which convinces us that Branch trials are intended for the redress of such grievances. Under other provisions of the by-laws, and from the practice as disclosed in the record, it seems that the members' claims for benefits are to be first made to the Branch, which votes upon them, after reports by its physician and committees, before they are forwarded to the Society. It would seem unnecessary and unreasonable, after the Branch had approved a claim by vote and the Society had rejected it, to require the member again to resort to the Branch for a formal trial. We do not think the by-laws are to be so interpreted.
We therefore overrule the motion for rehearing, and adhere to the original disposition of the appeal.
It is so ordered.
PARKER, C.J., and BICKLEY, J., concur. *Page 78